NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AGDIEL HERNANDEZ GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   20-70453<br><br>Agency No. A201-175-008<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Agdiel Hernandez Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. at. 1241-42. We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Hernandez Gonzalez established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5). We lack jurisdiction to consider Hernandez Gonzalez's contentions that the IJ precluded him from further testifying and developing the record as to an exception to his untimely application because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Hernandez Gonzalez's asylum claim fails.

The agency did not err in concluding that Hernandez Gonzalez's proposed particular social group of "business owners in Mexico" was not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in

question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)));
*see also Macedo Templos v. Wilkinson*, 987 F.3d 877, 882-83 (9th Cir. 2021)
("[B]eing a wealthy business owner is not an immutable characteristic because it is
not fundamental to an individual's identity.").

Hernandez Gonzalez does not raise, and therefore waives, any challenge to
the agency's determinations that he failed to establish eligibility for withholding of
removal based on other protected grounds. *See Lopez-Vasquez v. Holder*, 706 F.3d
1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not
specifically raised and argued in the opening brief).

Thus, Hernandez Gonzalez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because
Hernandez Gonzalez failed to show it is more likely than not he would be tortured
by or with the consent or acquiescence of the government if returned to Mexico.
*See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Wakkary v.
Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (finding no likelihood of torture).

The temporary stay of removal remains in place until issuance of the
mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**